Kevin J. BURNS, Commissioner of the
Iowa Department of Social
Services, Plaintiff,

v.

John F. SIEBENMANN, District Associ-
ate Judge, Iowa District Court for Linn
County, Juvenile Division, Defendant.

No. 60729.

Supreme Court of Iowa.

May 17, 1978.

Richard C. Turner, Atty. Gen., Stephen C. Robinson, Sp. Asst. Atty. Gen., and Theodore R. Boecker, Asst. Atty. Gen., for plaintiff.

Eugene J. Kopecky, County Atty., and Glenn Johnson, Asst. County Atty., for defendant.

Considered by MOORE, C. J., and Le-GRAND, REES, HARRIS and McCOR-MICK, JJ.

McCORMICK, Justice.

The question in this original certiorari action is whether the defendant judge exceeded his jurisdiction or acted illegally in entering a dispositional order in a juvenile delinquency case. We sustain the writ.

Peter Silvian Vasquez, age 17, was adjudicated a delinquent by defendant Judge Siebenmann on May 3, 1977. A disposition hearing was held the same date.

An assistant county attorney, other than present counsel for defendant, introduced a social history prepared by a deputy probation officer. The officer testified briefly. Although he had recommended a different disposition in the social history he gave the following recommendation at the hearing:

> I would like to recommend that the custody of Peter be placed with the Linn County Department of Social Services for placement, planning and casework, with supervision by the Linn County Juvenile Probation Office, subsequent placement to be looked into at Bryan, Texas, at a place called Discovery Land, and that the State Department of Social Services be ordered to pay for said placement.

He said he had talked to the director of Discovery Land, believed it was the best possible placement for Peter, thought it essential that Peter be sent there and was convinced no facility in Iowa was similar.

Peter's father, a Cedar Rapids psychiatrist, told the court he had learned of Discovery Land from a University of Iowa psychiatrist. He described the program at the facility. Then he added:

> There are some disadvantages to the program, as I see it, and the disadvantage is an economic one; it's very costly. The cost is $1,500 a month, and Blue-Cross and Blue-Shield or other health insurance companies will only pay for medical treatment, interviews with psychiatrists and any medical examination that the child may need, but will not pay the basic program itself.

The social history revealed Dr. Vasquez has a substantial income.

Peter told the court he preferred Discovery Land to the alternative of the Eldora training school.

The assistant county attorney endorsed the recommendation of the deputy probation officer. He suggested that the order contain a provision that whatever costs would not be covered by Dr. Vasquez' insurance should be borne by "the Linn County Department of Social Services".

When asked for his recommendation the attorney for the child said:

> Well, your honor, I would join the recommendation of the State and ask that in addition to the provision requiring the State of Iowa to pay all costs associated with the commitment, save those which might be compensable by private insurance, that the order provide that Peter is in fact a child in need of special care and treatment and that the Texas institution, Discovery Land, is the institution best qualified to provide the treatment necessary under the present circumstances. I say that in part because I know that this

is a major financial commitment and will result in sacrifices to the family and it is a possibility that the financial burden may be further diminished by the tax consequence that might flow from such a finding as I believe it is justified under the facts.

The court said it approved the parties' recommendations and would enter an order accordingly. The assistant county attorney then said:

Well, I'd like to have it made perfectly clear in that order that the costs should be paid by the Iowa Department of Social Services for Linn County; if not, the costs might have to be paid directly by the board of supervisors.

The court responded:

All right. We'll put it in that way.

In relevant part the resulting order provided:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED by the Court that Peter Silvian Vasquez is placed in the custody of the Iowa Department of Social Services, Linn County, for planning, casework and placement, with participating supervision by the Linn County Juvenile Probation Office.

IT IS FURTHER ORDERED that said child be placed at Discovery Land in Bryan, Texas, until such time as he has received maximum benefit and treatment therefrom.

IT IS FURTHER ORDERED that the costs for such placement, above whatever the insurance will pay that Mr. Francis Vasquez has on said child, will be paid by Linn County Department of Social Services.

IT IS FURTHER ORDERED that said child is placed on strict probation to the Linn County Juvenile Probation Office to abide by any and all rules and restrictions set down by said office.

The Court retains jurisdiction in this matter, until further Order of Court.

The Court requests quarterly progress reports.

The Iowa Department of Social Services, through its commissioner, challenges Judge Siebenmann's order in three respects. The department contends he lacked authority (1) to transfer Peter's legal custody to the department with a reservation of jurisdiction, (2) to select the facility in which Peter would then be placed, and (3) to charge the department with costs of the resulting placement.

In addition to denying those contentions, counsel for Judge Siebenmann assert the case is moot and should be dismissed on that basis. The department agrees the case is moot but urges us to answer the legal questions because of their public importance and recurring nature.

█ In *Board of Directors, Ind. Sch. Dist. v. Green*, 259 Iowa 1260, 1264, 147 N.W.2d 854, 856 (1967), we said that, "When the issue presented is of substantial public interest there exists a permissible exception to the general rule that a case which has become moot or presents only an academic question will be dismissed on appeal." We think this case is within the public interest exception because of the public nature of the issues presented here, the desirability of an authoritative adjudication for future guidance of public officials and the likelihood of recurrence of the problem. See *Virginia Manor, Inc. v. City of Sioux City*, 261 N.W.2d 510, 514 (Iowa 1978); *Catholic Char. of Arch. of Dubuque v. Zalesky*, 232 N.W.2d 539, 543 (Iowa 1975).

We therefore address the merits of the case.

The department contends the unusual dispositional order resulted from a desire of the juvenile court to control Peter's placement but at the same time make the state pay for it. We believe a fair reading of the record shows this contention is true.

We agree with the department that the court's order was not authorized by the statutes governing delinquency dispositions and assessment of financial responsibility.

While we understand the motivations of those involved in the juvenile case, we cannot approve the subterfuge by which defendant sought to relieve not only Peter's parents but Linn County from financial re-

sponsibility for a placement neither selected by nor subject to the jurisdiction of the department of social services.

I. *The transfer of custody with reservation of jurisdiction.* The dispositional alternatives following an adjudication of delinquency are provided in § 232.34, The Code.

Under § 232.34(3), the court is authorized to transfer legal custody of the child to a child placing agency, a probation department, or a reputable individual, subject to the court's continued jurisdiction. Defendant concedes his placement order was not entered under this provision.

■ Placement in private institutions not under the jurisdiction of the commissioner of social services is provided for in § 232.-34(5). Defendant alleges his order was entered in accordance with this subsection. However, the order placed Peter in the custody of "the Iowa Department of Social Services, Linn County, for planning, casework and placement * * *." This is not a placement under § 232.34(5) because a transfer of custody to the department of social services is not a commitment or placement of the child in a facility "other than an institution under the jurisdiction of the commissioner of social services" within the meaning of that provision.

Instead a transfer of legal custody to the department constitutes a commitment to the commissioner of social services under § 232.34(4), which authorizes the court to "[c]ommit the child to the commissioner of social services or his designee for placement." To "commit" is to transfer legal custody. § 232.2(11), The Code. The commissioner of social services is the chief administrative officer of the department of social services, § 217.5, The Code, and the department's county office is within his jurisdiction. Cf. § 217.32, The Code.

A commitment to the commissioner vests guardianship of the child in the commissioner and terminates the court's jurisdiction. § 232.35, The Code. Thus a juvenile court loses jurisdiction of the child when it commits him under § 232.34(4). *In Interest of Kelly*, 236 N.W.2d 50, 52 (Iowa 1975).

■ This provision reflects an obvious legislative intent to give the department of social services sole authority to make placement decisions regarding children in its care. The department alleges this follows from its responsibility to manage state placement facilities and to control the costs involved. Whatever the reason, the statutes are clear that a juvenile court loses its power to direct placement once it commits a child to the commissioner.

■ Consequently, if defendant desired to control Peter's placement and retain jurisdiction he could not transfer his custody to the department. Thus, if the judge purported to make the placement under § 232.-34(5), he was wrong in first transferring Peter's custody to the department of social services. Such a transfer could occur only under § 232.34(4) and, if made, divested the court of power to control the placement. If he wished to transfer Peter's custody to the department in order to make the state financially liable for the placement, he was wrong in further purporting to direct the placement and reserve jurisdiction. In either event he exceeded his authority and acted illegally in entering the order.

■ II. *Selecting the facility.* As a consequence of his transfer of Peter's custody to the department of social services, defendant obviously was without power to direct Peter's placement in Discovery Land, a private facility in Texas.

The court's authority to commit to or place a delinquent child in a private institution is governed by § 232.34(5), which authorizes the court to:

Commit or to place the child in any private institution or hospital for care and training or any public institution or hospital for care and training other than an institution under the jurisdiction of the commissioner of social services.

We have already rejected defendant's contention that his order came within this provision.

■ However, assuming the court desired to make an out-of-state private placement, it would be essential in addition to

follow the interstate compact on placement of children, § 238.33, The Code. When a court does so it is the "sending agency" within the meaning of the statute. § 238.-33, The Code, Art. II(b). We do not agree with defendant that a court may shift financial responsibility for the placement to the department of social services by designating the department as conduit for such placement.

We have no occasion to decide whether the conditions for out-of-state placement would otherwise have been satisfied here. See § 238.33, The Code, Art. VI.

■ III. *The charging of costs.* If the judge sought to place Peter in Discovery Land pursuant to § 232.34(5) and §238.33, he could not ignore § 232.51, which governs responsibility for costs. That statute provides:

> Whenever legal custody of a minor is transferred by the court or whenever the minor is placed by the court with someone other than the parents or whenever a minor is given physical or mental examinations or treatment under order of the court and no provision is otherwise made by law for payment for the care, examination, or treatment of the minor, the costs shall be charged upon the funds of the county in which the proceedings are held upon certification of the judge to the board of supervisors. The court may inquire into the ability of the parents to support the minor and after giving the parents a reasonable opportunity to be heard may order the parent to pay in the manner and to whom the court may direct, such sums as will cover in whole or in part the cost of care, examination, or treatment of the minor. If the parents fail to pay the sum without good reason, the parents may be proceeded against for contempt or the court may inform the county attorney who shall proceed against the parents to collect the unpaid sums or both.

> Any such sums ordered by the court shall be a judgment against each of the parents and a lien as provided in section 624.23. If all or any part of the sums that the parents are ordered to pay is subsequently paid by the county, the judgment and lien shall thereafter be against each of the parents in favor of the county to the extent of such payments.

This provision is applicable to an out-of-state private placement under §§ 232.34(5) and 238.33. It was wrongfully ignored in the present situation. In fact, it is obvious the peculiar dispositional order resulted from a desire to avoid the applicability of this statute. We deplore this subversion of the law.

In sum, we hold the department's challenge to Judge Siebenmann's order is meritorious.

WRIT SUSTAINED.