In the Interest of C. D. P.
a Child, Appellee.

Appeal of IOWA DEPARTMENT OF
SOCIAL SERVICES, Custodian.

No. 66772.

Supreme Court of Iowa.

Feb. 17, 1982.

Thomas J. Miller, Atty. Gen., John G. Black, Sp. Asst. Atty. Gen., Brent D. Hege, Asst. Atty. Gen., for appellant.

Roger R. Schoell and Michael K. Botts, Law Student, Marshalltown, for appellee.

Phillip L. Krejci, Marshall County Atty., for County.

Considered by LeGRAND, P. J., and UH-LENHOPP, HARRIS, ALLBEE, and LAR-SON, JJ.

HARRIS, Justice.

We affirm in part and reverse in part the action of the trial court in entering dispositional orders in this juvenile case. A petition was filed October 24, 1980, which alleged three violations of the Iowa criminal

code. There was one count in criminal trespass. § 716.7, The Code 1979. There were two counts of assault. § 708.1, The Code. At a hearing on November 26, 1980, with the approval of his mother and his attorney, the child admitted the allegations in the petition. As a result the court entered the following order:

The court believes that, although the offenses involved are simple misdemeanors, they represent a pattern of behavior that must be interrupted. It may be possible to achieve this goal without an adjudication of delinquency and efforts toward behavior modification while the juvenile is placed outside the home should be attempted.

IT IS THEREFORE ORDERED:

(1) That no adjudication be made at this time.

(2) That custody of the juvenile remain with his mother with placement at Three Crosses Boys Ranch and supervision of the juvenile and the placement by the juvenile probation officer.

(3) That the treatment facility submit reports to this court as to the progress made; that claims by the facility should be submitted to ... Marshall County.

On February 24, 1981, the juvenile court entered another order, called a "nunc pro tunc" order, which provided in part:

It now appears that the fund through which it was contemplated the cost of treatment would be paid was not intended to pay expenses of the magnitude contemplated in this case. It is therefore appropriate that an order be entered terminating Marshall County's responsibility for payment of the cost of treatment and care this juvenile is presently receiving at the Three Crosses Boys Ranch ....

IT IS THEREFORE ORDERED:

(1) That effective this date Marshall County shall not assume further responsibility for the payment of the cost of the treatment and care of this juvenile he is presently receiving at the Three Crosses Boys Ranch ....

(2) A hearing should be scheduled to consider the question of future placement of this juvenile and also the source of payment for the cost of any future placement outside the parental home.

Hearing was set and the attendance of the juvenile was directed. The hearing was never held, apparently by consent of the juvenile, his mother, their counsel, and the county attorney.

On April 13 the juvenile court ordered the transfer of the child's custody to the commissioner of the Iowa department of social services and directed the department (1) not to transfer the child's placement without the court's authorization and (2) to pay the costs of the child's placement retroactively to his initial admission to Three Crosses Boys Ranch. The department was apparently unaware of the case until it received a copy of the April 13 order.

On review we need not reach or consider many of the assignments. The department challenges the November 26 dispositional order because it combined features not authorized by the juvenile code. The department specifically complains that the order left custody with a parent but with physical placement outside the parent's residence.

■ The department lacks standing to challenge the order of February 24 on the claim it was in reality an order for termination, modification, or vacation and substitution under section 232.54, requiring notice and hearing. This aspect of the February 24 order did not affect the department. Finally the department is without standing to challenge the same order because it relieves Marshall County of financial liability for the cost and care of the juvenile in contravention of sections 232.141, 234.35, and 234.36, The Code. We do not consider whether the county was effectively relieved of liability; we only point out that it is not for the department to lodge the challenge.

The department was affected by the order of April 13, 1981, and is in a position to challenge it. It does so on bases which will be considered in the following divisions.

■ I. The department complains that the order improperly gave custody of the child to the department while directing a

specific placement. The department says this was in contravention of sections 232.-2(10) and 232.52, The Code. Under the prior juvenile code the department's position would have been right. *Burns v. Siebenmann*, 266 N.W.2d 11, 14 (Iowa 1978); *In Interest of Kelly*, 236 N.W.2d 50, 52 (Iowa 1975). Our prior statute, section 232.34(4), The Code 1977, specified that juvenile courts could "[c]ommit the child to the commissioner of social services or his designee for placement."

The statute has since been changed. Under the new juvenile justice act, section 232.52(2)(d)(3), The Code 1981, the juvenile court is authorized to commit the child to "[t]he department of social services for purposes of foster care and prescribing the type of placement which will serve the best interests of the child and the means by which the placement shall be monitored by the court." This change was obviously addressed to our holdings in *Burns* and *Kelly.*

There is a certain ambiguity in the new provision. It might be argued that the authority of the juvenile court to direct placement after awarding custody to the department remains limited because the new section speaks only of prescribing the best interests of the child and monitoring of the placement. Nevertheless we think the thrust of the statute is clear.

When it gave the juvenile court authority to specify the child's best interests the legislature granted authority to direct the *type of placement* the department is to make. This authority does not empower the juvenile court to direct a *specific placement* as was done here. The juvenile court could have specified what sort of placement (*i.e.* private foster home, custodial home, etc.) would best serve the child's needs. Under the new statute the department would be bound by the finding. The juvenile court could and should monitor the placement selected by the department to assure it conformed with the type ordered.

The order here was proper only in part. It could have awarded custody to the department and directed that the child's best interest demanded placement in a facility meeting the general description of the Three Crosses Boys Ranch. But it was improper to specifically place the child there.

■ II. We believe the department is right in another complaint it lodges against the April 13 order. The juvenile court ordered the department to be fiscally responsible for the juvenile retroactively "from the date of his admission to the Three Crosses Boys Ranch . . . ." The child was placed there November 26, 1980, but the department was not granted legal custody until the April 13 order. Section 234.35, The Code, specifies when the state shall pay for the foster care of a child. There are four specified circumstances, none of which apply prior to April 13, 1981. The trial court erred in ordering retroactive payment by the department. The State concedes that it became responsible April 13. It was not responsible prior to that time.

■ III. Because it was affected thereby the department can challenge the dispositional aspects of the November 26 order. The allowable dispositions in juvenile cases, outlined by section 232.52, The Code, can be invoked only after a dispositional hearing under section 232.50. The hearing under section 232.50, in turn, can be had only after an adjudication of delinquency under section 232.47.

The county and juvenile do not attempt to justify the disposition on the basis of these statutes. Rather, they argue that the disposition was ordered by consent. Consent decrees are allowed under section 232.-46. But the disposition challenged here, at least from April 13, was to the department of social services, which was not a party to any consent proceedings under section 232.-46. The disposition to the department was made under the express provisions of section 232.52, subd. 2(d)(3). The department is right in arguing this section can be invoked only after a section 232.50 dispositional hearing, following an adjudication of delinquency. Upon remand the county, if it wishes to pursue the proceeding, must secure an adjudication of delinquency in order to support the disposition.

Other contentions urged by the parties become moot by what we have said. The case is affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.