**In the Interest of L.A.J., A Minor Child,**

**L.A.J., A Minor Child, Appellant.**

**No. 92–308.**

Court of Appeals of Iowa.

Nov. 30, 1992.

Mark D. Reed of Douglas V. Coonrad, P.C., Hudson, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Charles K. Phillips, Asst. Atty. Gen., and Steven J. Halbach, Asst. County Atty., for appellee-State.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

L.A.J., a minor male born in August 1976, has been involved in the juvenile justice system for several years. In January 1991 a petition was filed charging L.A.J. as a delinquent for committing various illegal acts, including several burglaries, thefts, and assaults. In April 1991 an amended petition was filed charging L.A.J. as a delinquent for having committed the offense of fifth-degree theft, possession of marijuana, and third-degree sexual abuse. In August 1991 the juvenile court entered its order concerning the April petition. The court entered a dispositional order pursuant to Iowa Code section 232.52(2)(e) finding L.A.J. was a delinquent for committing the offenses listed. The court then transferred guardianship of L.A.J. to the director of human services for placement at

the training school in Eldora for stabilization. Upon stabilization, the court provided the department be relieved of its guardianship duties and the child be placed in a conduct disorder program at Marian Health Center. The court identified several facilities which have conduct disorder programs. Upon completion of this program, the child was then to be placed in an appropriate foster group care.

In January 1992 the parents of L.A.J. filed a request for appointment of counsel to represent their interests. The parents contended a conflict of interest existed. The trial court denied the request. In February 1992 the juvenile court, pursuant to a review hearing, determined the August disposition would remain in place. The juvenile has filed this appeal, contending the trial court erred in (1) ordering placements of the child in violation of juvenile code; (2) permitting successive placements without complying with the modification provisions of the juvenile code; and (3) failing to determine the juvenile's indigent parents were entitled to appointed counsel.

▮▮▮ The State argues the standard of review is for the correction of errors because only a partial transcript has been submitted. We find no merit in the State's argument. Review of juvenile delinquency cases is de novo, and although we are not bound by juvenile court's findings, we give weight to those findings. *In re E.P.*, 478 N.W.2d 402, 403 (Iowa 1991) (citation omitted); Iowa R.App.P. 4.

I. *Specific Placement.* One issue on appeal is whether the dispositional order violates statutory provisions under chapter 232 of the Iowa Code governing juvenile delinquency dispositions. The juvenile argues the trial court ordered specific placements rather than just directing the type of placements. He also contends the court's consecutive placements violated his rights because he will be transferred from one placement to another without a modification hearing.

▮▮▮ A. In *In re C.D.P.* the Iowa Supreme Court held the juvenile court has the authority in juvenile delinquency dispositions to direct the type of placement the

department is to make. *In re C.D.P.*, 315 N.W.2d 731, 733 (Iowa 1982). However, the juvenile court lacks any authority to direct a specific placement. *Id.* In *C.D.P.* the supreme court found the juvenile court improperly ordered placement at a specific facility. *Id.* However, the supreme court stated the juvenile court "could have awarded custody to the department and directed that the child's best interest demanded placement in a facility meeting the general description of the [institution specified]." *Id.* at 733. The juvenile court in this case stayed within this limitation as it directed placement of the juvenile under its conclusions of law. The court explicitly stated it was aware it could not order specific placements but had authority only to direct the type of placement. Although the court named specific facilities, its focus was on the conduct disorder programs which were offered at the facilities. The court merely used the names of the facilities as guideposts for placement of the juvenile in such a program.

Section 232.52(1) provides:

> the court shall enter the least restrictive dispositional order appropriate in view of the seriousness of the delinquent act, the child's culpability as indicated by the circumstances of the particular case, the age of the child, and the child's prior record. The order shall specify the duration and the nature of the disposition, including the type of residence or confinement ordered and the individual, agency, department or facility in whom custody is vested.

Iowa Code § 232.52(1) (1991). The order properly specified the duration and nature of the disposition: "[t]his dispositional order shall remain in full force and effect until the juvenile's 18th birthday unless it is earlier modified or terminated." The court noted the severity of the case and the juvenile's lengthy court record. It recommended serious consideration "ought to be given" to the placements. The juvenile court found the juvenile was in need of long-term treatment. The court believed long-term treatment should begin in a secure facility which offered a program that

could assess the juvenile's amenability to further treatment in less-secure facilities. Thus the court transferred guardianship to DHS for placement in the state training school. The court recommended the juvenile be placed in a conduct disorder program after stabilization. The court went on to cite examples of facilities which had such a program. These examples provided further explanation of the type of treatment the court was ordering. The court's focus was on the type of program offered at such facilities. Upon completion of that type of program, the court ordered a foster group care setting. The placements ordered under the conclusions of law were proper.

Under its judgment and order, however, the juvenile court exceeded its authority and specified placement of the juvenile at the Marian Health Center rather than directing placement into a conduct disorder program.

> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the guardianship of the juvenile should be and hereby is placed with the Director of Human Services for placement at the Iowa State Training School for Boys, Eldora, Iowa for stabilization as outlined above. When the behavior of the juvenile warrants it and an opening is available, the Department shall be relieved of its guardianship duties and shall retain care, custody, and control for placement of the juvenile at the conduct disorder program *of Marian Health Center....*
> (emphasis added).

The court could have directed the child's best interest demanded placement in a facility meeting the general description of the Marian Health Center or a facility which offered a conduct disorder program. *See C.D.P.,* 315 N.W.2d at 733. It was improper, however, to specifically place the child at the Marian Health Center. *See id.* We reverse on this issue and remand to the trial court for further proceedings in accordance with this opinion.

■ B. The juvenile also argues the dispositional order unfairly shifts the burden to him to request and prove any modification. The juvenile contends the court's actions are not in accordance with section 232.54 of the Iowa Code. This argument is without merit. Section 232.54(4) provides:

> With respect to a dispositional order made pursuant to section 232.52, subsection 2, paragraphs "d", "e" or "f", the court may, after notice and hearing, either grant or deny a motion of the child, the child's parent or guardian, or the child's guardian, ad litem, to terminate the order and discharge the child, to modify the order either by imposing less restrictive conditions or by transfer to an equally or less restrictive placement, or to vacate the order and substitute a less restrictive order. A motion may be made pursuant to this paragraph no more than once every six months.

Iowa Code § 232.54(4) (1991). The dispositional order does not change the burden of proof and does not prohibit any party named in section 232.54 from moving for a modification.

■ II. *Parents' right to counsel in delinquency proceeding.* The juvenile contends Iowa Code section 232.11(4) provides for appointment of counsel for parents when an actual or potential conflict of interest exists between the parents and juvenile or the juvenile's attorney and guardian ad litem. The juvenile also contends failure to provide counsel constitutes a violation of due process and equal protection.

The trial court held section 232.11(4) provides only the child in a delinquency case with the right to counsel. Compensation for said attorney is to be paid by the public if the child's parents are indigent. Iowa Code § 232.11(3)(b) (1991). The court found the parents established their indigency. The issue on appeal is whether the statute provides the right to appointed counsel to indigent parents of the delinquent child.

In addressing this issue it is necessary to review the legislative history of chapter 232 of the Iowa Code. Under the 1977 version of the Iowa Code, provisions governing ChINA and delinquency proceedings were both located in chapter 232. Iowa

Code §§ 232.1–.73 (1977), *repealed by* Juvenile Justice Act, 1978 Iowa Acts 487, ch. 1088, § 99. One section of the code addressed a parent's right to counsel in both of these proceedings:

> The child, *parents*, guardian, or custodian *shall have the right to legal counsel.* If the minor, parents, guardian, or custodian desire but are unable to employ counsel, such counsel shall be appointed by the court.

Iowa Code § 232.28 (1977), *repealed by* Juvenile Justice Act, 1978 Iowa Acts 487, ch. 1088, § 99 (emphasis added).

In 1978 the Iowa legislature revised the juvenile justice laws under chapter 232. Juvenile Justice Act, 1978 Iowa Acts 423. Under the revised chapter, delinquency, ChINA, termination, and FINA proceedings were divided into separate subparts of the chapter. Iowa Code §§ 232.1–.152 (1979) (amended version at Iowa Code §§ 232.1–.183 (1991)). Delinquency, ChINA, termination, and FINA proceedings are addressed in divisions two, three, four, and five respectively. Iowa Code §§ 232.8–.55, .61–108, .109–.121, & .122–.132 (1991).

In revising the chapter, the legislature specifically provided a parental right to counsel in ChINA, termination, and FINA proceedings. Iowa Code §§ 232.89, .113, .126 (1977) (same sections in 1991 Iowa Code). Section 232.89 is under division three dealing with ChINA proceedings and provides a parent with the right to counsel:

> Upon the filing of a petition [alleging a child to be a child in need of assistance] the parent, guardian or custodian identified in the petition shall have the right to counsel in connection with all subsequent hearing and proceedings. If that person desires but is financially unable to employ counsel, the court shall appoint counsel.

Iowa Code § 232.89 (1991). In divisions four and five governing the proceedings for termination of the parent-child relationship and family in need of assistance respectively, the legislature made similar provisions for a parental right to counsel. Iowa Code §§ 232.113, .126 (1991).

The legislature, however, did not specify a parental right to counsel in delinquency proceedings under division two of chapter 232 which governs delinquency proceedings. The only reference to a right to counsel is found in section 232.11(4), which provides:

> If the child is represented by counsel and the court determines that there is a conflict of interest between the child and the child's parent, guardian or custodian and that the retained counsel could not properly represent the child as a result of the conflict, *the court shall appoint other counsel to represent the child* and order the parent, guardian or custodian to pay for such counsel as provided in subsection 5.

Iowa Code § 232.11 (1991) (emphasis added). Section 232.11(4) fails to provide a right to appointed counsel to indigent parents of a child involved in a delinquency proceeding. If it is the intent of the legislature to provide an attorney at public expense to indigent parents of a child in delinquency proceedings, as it has provided in sections 232.89, 232.113, and 232.126 governing ChINA, termination, and FINA proceedings respectively, we give it the opportunity to make the appropriate addition to section 232.11(4). We exercise judicial restraint in light of the legislature's actions in the revision of chapter 232. Delinquency is statutory and thus a creature of the legislature. Any addition or modification to section 232.11(4) belongs to the legislature. Based on the legislative history of chapter 232 and the legislature's failure to specify a parental right to counsel in delinquency proceedings, we affirm the trial court decision.

Costs of this appeal are taxed one-half to the appellant and one-half to the appellee.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.