# IN THE COURT OF APPEALS OF IOWA

No. 20-1040
Filed December 16, 2020

**IN THE INTEREST OF J.F. and J.M.,**
**Minor Children,**

**B.N., Intervenor,**
          Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A paternal grandmother appeals the denial of her petition for guardianship and custody of two children following an order terminating parental rights. **AFFIRMED.**

Elizabeth Ryan of Ryan Legal Services, Des Moines, for appellant intervenor.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

ConGarry D. Williams of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., Mullins, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

The paternal grandmother of J.F. seeks guardianship and custody of J.F. and J.M. The juvenile court removed the children from their parents' care in January 2019 and adjudicated them to be children in need of assistance (CINA) the following month. After the State filed a petition to terminate parental rights in February 2020, the grandmother intervened in the proceedings to seek guardianship and custody. The juvenile court terminated parental rights in May and held a hearing on the grandmother's petition in July. The Iowa Department of Human Services (DHS) and guardian ad litem recommended that the children remain with the maternal aunt, who has been the children's caretaker since their removal. Ultimately, the court denied the paternal grandmother's petition and placed the children in the guardianship of the DHS for purposes of adoption.

On appeal, the grandmother contends the record does not support the denial of her petition for guardianship and custody and alleges that placing the children in a guardianship with her is in their best interests. We review these claims de novo. *See In re E.G.*, 745 N.W.2d 741, 743 (Iowa Ct. App. 2007). We give weight to the juvenile court's findings, especially those concerning witness credibility, but we are not bound by them. *Id.* Our ultimate concern is the children's best interests. *See In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006).

If the juvenile court terminates parental rights, it must place guardianship and custody of the child with one of the following:

> a. The department of human services.
> b. A child-placing agency or other suitable private agency, facility or institution which is licensed or otherwise authorized by law to receive and provide care for the child.

      c. A parent who does not have physical care of the child, other relative, or other suitable person.

Iowa Code § 232.117(3) (2020).  The juvenile court may pick the *type* of placement for the child but not the specific placement, though it may continue to monitor the placement.  *E.G.*, 738 N.W.2d at 657 (citing *In re C.D.P.*, 315 N.W.2d 731, 733 (Iowa 1982)).

The juvenile court determined the children's best interests are served by placing the children in the guardianship of the DHS.  It noted that the DHS has ensured the children's safety and supported the children's current placement with the maternal aunt, who has provided the stability and consistency the children need.  By all accounts, the children are thriving in the maternal aunt's care, and the maternal aunt has been approved to adopt the children.

The paternal grandmother complains that the juvenile court's characterization of the record "is rife with errors."  Without going into detail, we observe that some of her criticisms are not without merit.  The paternal grandmother also portrays the juvenile court's decision as one between herself and the maternal aunt.  But this is a false dichotomy.  Instead, the court chose adoption over long-term guardianship.  A child's need for a permanent home is of paramount concern in assessing the child's best interests.  *See In re J.A.D.-F.*, 776 N.W.2d 879, 885 (Iowa Ct. App. 2009).  Iowa Code chapter 232 reflects this preference by requiring a child's guardian to "make every effort to establish a stable placement for the child by adoption or other permanent placement" and regularly report to the court on the efforts made to that end.  *See* Iowa Code § 232.117(6)-(8).  Adoption will provide the children with permanency that a

guardianship cannot.  *See In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (noting the relative lack of permanency of a guardianship versus termination and adoption).

Although the children have been in the care of the maternal aunt throughout the CINA and termination proceedings, we also note that no final decision has been made regarding adoption.  The paternal grandmother could adopt the children if the DHS determines it to be in the children's best interests.  Until an adoption occurs, the DHS can continue to provide supportive services.

Because the children's interests are best served by placing the children in the DHS's custody for purposes of adoption, we affirm the denial of the paternal grandmother's petition for guardianship and custody.

**AFFIRMED.**