104 N.W.2d 454 (1960)
CENTER TOWNSHIP SCHOOL DISTRICT, by Frank Rollins, President, Appellee,
v.
OAKLAND INDEPENDENT SCHOOL DISTRICT of Oakland, Iowa, by Victor Allen, President, and County Board of Education of Pottawattamie County, by Clifford Heyne, President, Henry Rossman, Frank Bell, Dudley Stupefell and Henry Petersen, Board Members, Appellants.
No. 50124.
Supreme Court of Iowa.
August 2, 1960.
*455 Hogzett & Burgett, Oakland, for appellant Oakland Independent School District of Oakland.
Kenneth Sacks, Council Bluffs, for appellant County Board of Education of Pottawattamie County.
Joe W. Turner, Avoca, for appellee Center Township School District.
GARFIELD, Justice.
The question presented by this appeal, granted by us under rule 332, Rules of Civil Procedure, is whether the case involves such a disagreement between plaintiff Center Township School District and defendants Oakland Independent School District and the Pottawattamie County board of education as must be appealed to the state superintendent of public instruction before resort may be had to the courts. The district court evidently answered this question in the negative and we affirm the decision.
Center Township district filed in the district court its petition for declaratory judgment alleging that about 100 pupils residing in plaintiff district attend school in defendant Oakland district; a dispute has arisen between the two districts over the inclusion by Oakland, in the expenditures from which tuition fees to be paid by plaintiff are computed, of an item of $5000 paid by Oakland on the principal of its bonded indebtedness. The petition quotes the pertinent parts of sections 279.18 and 282.20, Code, 1958, I.C.A., which state the items of expenditure a receiving school district shall include in computing tuition rates to be paid by the district in which the pupils reside. The petition then alleges that payment of principal on bonded indebtedness is not an item which may be included in the computation and the Code does not make it so. A declaratory judgment so holding is asked.
Defendants Oakland District and county board of education filed special appearances asserting the court had no jurisdiction of the subject matter of the action because plaintiff had not appealed the disagreement to the state superintendant of public instruction under Code section 285.13, I.C.A. The district court overruled the special appearances and defendants have appealed to us from the ruling.
Section 285.13, upon which defendants rely, states: "In the event of a disagreement between the board of a school district and the county board of education, the board of the school district may appeal to the state superintendent of public instruction * * *. The decision of the state superintendent of public instruction shall be subject to appeal to the courts as provided for in section 285.12."
The county board of education became involved in the disagreement between the two districts because Code, §§ 279.18 and 282.20, I.C.A., provide that the receiving district shall file with such board the computation of tuition rates "for its review and approval." Plaintiff's petition alleges Oakland's computation was so filed and approved.
*456 Although the merits of the controversy are not before us it seems desirable to set out the pertinent parts of Code §§ 279.18 and 282.20, I.C.A. For present purposes they are virtually identical except that 279.18 refers to elementary schools and 282.20 to high schools. Each section provides the district in which the student resides shall pay the one where he attends school a tuition fee sufficient to cover the average cost per child in average daily attendance in the receiving district.
Each section then contains this language over which the controversy has arisen and which plaintiff asks the court to construe: "Such tuition rates shall include expenditures from the general fund for general control, instruction, auxiliary agencies except transportation costs, co-ordinate activities, operation of plant, maintenance of plant, fixed charges including insurance on buildings and contents, capital, interest paid for debt service from the general fund, interest paid for debt service and retirement of bonds from the schoolhouse fund."
Plaintiff concedes the above language authorizes the inclusion of interest on bonded indebtedness but, as before indicated, alleges it does not permit inclusion of principal of such indebtedness. The statute does not seem as clear as it might be upon this point and it is not surprising the present controversy has arisen.
We are satisfied plaintiff has alleged a proper case for a declaratory judgment unless the disagreement is one which must first be taken to the state superintendent. Rule 261, Rules of Civil Procedure, in part states: "Courts of record * * * shall declare rights * * * whether or not further relief is or could be claimed. * * * The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."
And rule 262 provides, "Any person * * * whose rights * * * are affected by a statute * * * may have determined any question of the construction * * * thereof or arising thereunder, and obtain a declaration of rights * * * thereunder." According to rule 269 "person" includes any "entity capable of suing or being sued under the laws of Iowa." This of course includes a school district.
We have repeatedly held the above rules are remedial and should be given a reasonably liberal construction. In re Estate of Turner, 250 Iowa 795, 798-799, 96 N.W. 2d 481, 483, and citations; Herbst v. Treinen, 249 Iowa 695, 698, 88 N.W.2d 820, 822.
We assume, as the parties have done, that the question whether plaintiff was compelled to first submit this controversy to the state superintendent may be properly raised by special appearance. We merely note that in most of our many decisions involving a like question it was raised by demurrer or motion to dismiss.
Code section 285.13, I.C.A., quoted above, was enacted in 1945 by the 51st General Assembly as section 13, chapter 133. However, prior statutes of like import providing for appeal to the county or state superintendent, or both, were found in earlier Codes commencing with the Revision of 1860 (section 2133); sections 1829, 1835, Code, 1873; sections 2818, 2820, Code, 1897. In one respect these earlier statutes were broader than our present 285.13 in that they provided for appeal by any person aggrieved by any decision or order of the district board, in a matter of law or fact.
The rule to be gathered from our pertinent precedents is that decisions of local boards involving the exercise of their discretion must be appealed to the county or state superintendent. However, where the board exceeds the powers conferred upon it, appeal to the school authorities is not required and resort may be had direct to the courts. Perkins v. Board of Directors, 56 Iowa 476, 478-479, 9 N.W. 356, 357; Kinzer v. Directors of Independent School Dist., 129 Iowa 441, 443, 105 N.W. 686, *457 3 L.R.A.,N.S., 496; Templer v. School Tp., 160 Iowa 398, 401-402, 141 N.W. 1054; Knowlton v. Baumhover, 182 Iowa 691, 726, 166 N.W. 202, 5 A.L.R. 841; Security Nat. Bank of Mason City v. Bagley, 202 Iowa 701, 704-705, 210 N.W. 947, 49 A.L.R. 705; Courtright v. Consolidated Ind. School Dist., 203 Iowa 26, 30, 212 N.W. 368; Riecks v. Independent School Dist., 219 Iowa 101, 105, 257 N.W. 546; Altman v. Independent School Dist., 239 Iowa 635, 641, 32 N.W.2d 392, 395.
We quote a few excerpts from some of these cases. Perkins v. Board of Directors, supra, states [56 Iowa 476, 9 N.W. 357]: "It is very plain that in one class of cases appeals are not the exclusive remedy for reviewing or assailing the decision and orders of the school directors. This class includes all cases wherein the jurisdiction and power of the directors are brought in question, and wherein questions arise involving the construction of statutes conferring power upon school officers. The courts of the state are the arbiters of all questions involving the construction of the statutes conferring authority upon officers and jurisdiction upon special tribunals. It was certainly never the intention of the legislature to confer upon school boards, superintendents of schools, or other officers discharging quasi judicial functions, exclusive authority to decide questions pertaining to their jurisdiction and the extent of their power. All such questions may be determined in the courts of the state."
The Perkins case is cited with approval and all or part of the above quotation is set out in several of our later precedents, including Altman v. Independent School Dist. (at page 642 of 239 Iowa, at pages 395-396 of 32 N.W.2d).
Kinzer v. Directors of Independent School Dist., supra, says [129 Iowa 441, 105 N.W. 687]: "But the courts are not excluded, by this provision for appeal to the county superintendent, from considering the question whether the board was, in the matter complained of, acting within the scope of its powers as defined by the statute."
Knowlton v. Baumhover, supra, contains this [182 Iowa 691, 166 N.W. 213]: "The rule is thoroughly well settled that, while the discretion granted by statute to the board of directors can be reviewed only by appeal to the county superintendent, yet, where it `acts without jurisdiction, or has exceeded its powers and by some act in an official capacity has done or attempted to do that which it has not a right to do, the courts have jurisdiction to set aside the unauthorized act.' (Citations.) * * * the board of directors, in the matters complained of, acted in excess of its lawful authority, and, therefore, appeal to the superintendent was not required."
Courtright v. Consolidated Ind. School Dist., supra, says [203 Iowa 26, 212 N.W. 370]: "A school board * * * does not have exclusive authority to decide questions pertaining to * * * the extent of its power. Such questions are determined by the courts of the state."
Altman v. Independent School Dist., supra, states [239 Iowa 635, 32 N.W.2d 395]: "It is not the duty of the county superintendent to interpret the law, but such is the duty of the courts, * * *.
"* * * the provisions of the code as to appeals do not prejudice the right to appeal to the court on the question of the authority of the board of directors."
There is not much disagreement between the parties as to the law. Both sides cite some of the same precedents. Where the parties differ is in the application of the law to the facts alleged in the petition. Defendants say the petition alleges only improper exercise of discretion by defendant boards, not acts in excess of authority conferred by statute. Plaintiff argues defendants are charged with misinterpreting sections 279.18 and 282.20, resulting in action which is illegal and void, not merely *458 an abuse of discretion. We cannot accept defendants' version of plaintiff's complaint.
We think the Oakland board is charged with exceeding the power conferred upon it by statute in computing tuition rates on a large item of expenditure which the statute does not permit to be used for such purpose. Our decisions allow direct resort to the courts for solution of such a controversy and prior appeal to the state superintendent is not the exclusive remedy therefor. In addition to our own cases cited above, School District No. 16, Adams County v. Union High School Dist. No. 1, 25 Colo.App. 510, 139 P. 1039, lends support to our holding.
This from 47 Am.Jur., Schools, section 43, is applicable here: "And school boards come within the general rule that where a power is given to do an act, and the particular method by which that power is to be exercised is pointed out by statute, the mode is the measure of the power." To like effect is 78 C.J.S. Schools and School Districts, § 122.
79 C.J.S. Schools and School Districts § 461, contains this: "The rate and amount of tuition charges to nonresidents * * * are determined by the statute or by contract authorized by law; and, where the statute governs, the mode prescribed therein for determining the rate or amount of tuition charges must be followed."
It is hardly necessary to call attention to the fact the Oakland district is a quasi corporation created by the legislature. Its board is its governing body. It has only the powers conferred upon it by statute or necessarily implied therefrom. It has no power to fix tuition rates except in conformity with sections 279.18 and 282.20. Bruggeman v. Independent School Dist., 227 Iowa 661, 667, 289 N.W. 5; Silver Lake Consol. School Dist. v. Parker, 238 Iowa 984, 990, 29 N.W.2d 214, 217; Cape Girardeau School Dist. No. 63 of Cape Girardeau County v. Frye, Mo.App., 225 S.W.2d 484; 78 C.J.S. Schools and School Districts § 119; 47 Am. Jur., Schools, sections 42, 43.
Since the merits of the case are not now before us we express no opinion thereon. We hold the special appearances on the ground asserted were properly overruled and such ruling is
Affirmed.
LARSON, C. J., and HAYS, THOMPSON, GARRETT, and THORNTON, JJ., concur.
PETERSON, J., takes no part.
OLIVER, J., not sitting.