**Robert R. RUSH, State Senator and Member of the 68th General Assembly of Iowa, Appellant,**

v.

**Robert D. RAY, Governor, State of Iowa, Appellee.**

No. 67574.

Supreme Court of Iowa.

April 20, 1983.

James M. Redmond, Des Moines, for appellant.

Edgar H. Bittle and Edward W. Remsburg of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellee.

Considered by UHLENHOPP, P.J., HARRIS, McGIVERIN, and CARTER, JJ., and LeGRAND, Senior Judge.

HARRIS, Justice.

This declaratory judgment action was brought by a state senator seeking a declaration that the governor had acted illegally by exercising the gubernatorial item veto power (Art. III, § 16, Iowa Constitution, amend. 27 (1968)) to veto portions of five appropriations bills. The vetoed portion of each bill prohibited the transfer of the appropriated funds between departments of state government. The transfers would otherwise be authorized by Iowa Code § 8.39 (1981). We previously ruled on the governor's item veto power in *Welden v.*

*Ray,* 229 N.W.2d 706 (Iowa 1975), and in *State ex rel. Turner v. Iowa State Highway Comm.,* 186 N.W.2d 141 (Iowa 1971).

The trial court determined that the case should be dismissed as moot because all money affected by the vetoed portions of the bills was either spent or reverted to the state's general fund before the question was presented in district court. Plaintiff concedes that the controversy was then moot but argued that the question should be considered despite its mootness because of its public importance. The trial court declined to decide whether the case should survive because of public importance in the belief that the question of public importance should be decided by this court.

Mootness is not a question of power but rather one of restraint. *City of Des Moines v. Public Employment Relations Bd.,* 275 N.W.2d 753, 759 (Iowa 1979). We have delineated a "public interest" exception to the mootness doctrine to allow consideration if certain conditions are present. Both the doctrine and its exceptions were discussed in *Board of Directors of Independent School Dist. v. Green,* 259 Iowa 1260, 1264–65, 147 N.W.2d 854, 856 (1967). *See Danner v. Hass,* 257 Iowa 654, 659–60, 134 N.W.2d 534, 538 (1965). Under the exception moot questions might be considered when (1) they are of great public importance and (2) are likely to recur. *City of Des Moines,* 275 N.W.2d at 758.

The first part of the two-prong test (that the question be of great public importance) has sometimes been divided in two, making a three-prong test. In *Board of Directors of Independent School District v. Green,* 259 Iowa at 1265, 147 N.W.2d at 856, we stated three criteria: "(1) the public or private nature of the question presented, (2) desirability of an authoritative adjudication for future guidance of public officials, and (3) likelihood of future recurrence of the same or similar problem." We see the first and second of these three criteria as being ingredients of the first of the two prongs (great public importance) described in *City of Des Moines,* 275 N.W.2d at 758. The

three criteria test, though not different, is more illustrative and should be preferred to the two-prong test.

Defendant argues that the likelihood of future recurrence is remote because the plaintiff is not making a facial challenge to item veto power but is simply contesting one governor's exercise of that power. It is pointed out that the legislature may never enact another bill containing similar language.

■ We believe that the question should have been considered under the public interest exception. It is a matter of great public interest and it seems probable that the vetoed language, or language calling for the suspension of the operation of some other statute, might be similarly placed in another appropriations bill.

■ We also point out that we disagree with the trial court's declination to rule on the public importance question, and yielding to us in making the determination. We think the initial determination of the public importance question should be made by the trial court. If it were left always to this court to make the determination each question, in spite of its importance, would be set back even further in point of time before the needed answer could be given. The present case serves as a graphic example. More than a year and a half will have expired between the trial court's declination and our remand. Where the answer to a question is important to the public such a delay is not in the public interest.

A trial court is not without guidance on the question. *See Hamilton v. City of Urbandale,* 291 N.W.2d 15, 17 (Iowa 1980) (whether city could issue $250,000 in general obligation bonds for softball fields without special election was "of substantial public interest and may likely recur in the future"); *Southeast Warren Comm. Sch. Dist. v. Department of Public Instruction,* 285 N.W.2d 173, 178 (Iowa 1979) (whether a school district could expel a special education student fell "within that important area involving the administration, operation, management and control of our public school system"); *City of Des Moines v. Pub-*

*lic Employment Relations Bd.,* 275 N.W.2d at 759 (whether PERB could order binding arbitration between a public employer and certified employee organization under the § 17A.9 declaratory ruling process was the type of question that "will ordinarily justify foregoing judicial restraint to allow review"); *Burns v. Siebenmann,* 266 N.W.2d 11, 13 (Iowa 1978) (whether district judge could place juvenile delinquent in a specific facility in Texas and charge department of social services with costs of such placement met three criteria of *Green); Virginia Manor, Inc. v. City of Sioux City,* 261 N.W.2d 510, 514 (Iowa 1978) (whether city had to deposit additional money following increased damage award in eminent domain proceeding possessed "the likelihood of recurring mootness"); *Iowa Civil Liberties Union v. Critelli,* 244 N.W.2d 564, 568 (Iowa 1976) (whether district judges could adopt rule setting time limits for pretrial procedures in Polk County criminal cases "presents a matter of public importance and a problem which will likely recur"); *Catholic Charities of Archdiocese of Dubuque v. Zalesky,* 232 N.W.2d 539, 543 (Iowa 1975) (because "trial court's decree places a cloud upon Code chs. 238 and 600 and will, in effect, jeopardize all adoption proceedings ..." review was "desirable for guidance of our trial courts ... and necessary because ... the same problem ... may recur"); *Maguire v. Fulton,* 179 N.W.2d 508, 509–10 (Iowa 1970) (whether state could revoke plaintiff's driving privileges upon drag racing conviction by justice of the peace when timely appeal was taken to district court fell within public interest exception); *Board of Directors of Independent School Dist. v. Green,* 259 Iowa at 1265, 147 N.W.2d at 857 (whether board could adopt rule excluding all married pupils from participation in extra curricular activities "falls within that important area involving the administration, operation, management and control of our public school system"); *Danner v. Hass,* 257 Iowa at 659–60, 134 N.W.2d at 539 (whether department of public safety could suspend driver's license for 30 days involved "matters of concern to the public generally ..." and would often "be moot before it can reach an appellate court.").

Of course there are cases that do not possess the requisite public interest, and those appeals have been dismissed. *See Dittmer v. Baker,* 280 N.W.2d 398, 400 (Iowa 1979) (common law forcible entry defenses in action for withheld rent would not be considered under the exception "[i]n view of the extensive statutory scheme, the mootness of this particular case, and the absence of briefing on one side of the controversy . . . ."); *State ex rel. Turner v. Beuchele,* 236 N.W.2d 322, 324 (Iowa 1975) (county supervisor's challenge to his removal from office rendered moot by his death; the public interest exception "has nothing to do with the notoriety of the case. We believe any likelihood of recurrence is negligible . . . ."); *State v. Wilson,* 234 N.W.2d 140, 141 (Iowa 1975) (defendant's challenge to his work release revocation, after his release from jail, "does not present a matter of significant public interest or precedent . . . ."). *Accord, State v. Beyer,* 258 N.W.2d 353, 356 (Iowa 1977) (trial court's bail ruling, in light of defendant's subsequent conviction, "does not present an issue of substantial public interest warranting decision on the merits").

We conclude that the trial court erred in dismissing the case for mootness. Because the trial court did not consider the question on the merits there is nothing further for our review.

REVERSED AND REMANDED.