James Joseph McFARLAND, Appellant,

v.

BOARD OF EDUCATION OF the NORWALK COMMUNITY SCHOOL DISTRICT, Appellee.

No. 61861.

Supreme Court of Iowa.

April 25, 1979.

James L. Sayre, of Dreher, Wilson, Adams & Jensen, Des Moines, for appellant.

John R. Phillips and David H. Goldman, of Rogers, Phillips & Swanger, Des Moines, for appellee.

Considered by REES, P. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

LARSON, Justice.

This plaintiff, a school teacher, appeals from an order of the district court sustaining a motion to dismiss his application for judicial review in a discharge action under section 279.27, The Code. We reverse and remand to the adjudicator.

The facts of the case are largely undisputed. James Joseph McFarland was a teacher and coach in the Norwalk Commu-

nity School District. On September 10, 1977, he was coaching a freshman football game, and one of his players was ejected from the game for fighting. McFarland struck the player on his shoulder pad and helmet and, according to the player, threatened to "throw him into the stands" if he fought again.

On September 12, McFarland was notified that the superintendent was going to recommend to the district board that his contract be terminated "pursuant to the provisions of section 279.24, *Code of Iowa, 1975*." He was also notified that he was suspended without pay pending the board's decision on the recommendation for termination.[1] The sufficiency of these notices is not challenged by McFarland.

The recommendation for proposed termination was heard by the school board upon McFarland's request on September 26. The board met later in executive session to make its decision. It entered detailed fact findings and concluded that "while McFarland may have engaged in conduct ordinarily justifying discharge for 'just cause,' under all these circumstances we have elected not to terminate his contract . . . ." It ordered the matter to be included in McFarland's personnel file. In addition, it found "just cause" existed for his suspension without pay from September 12 to October 1, the date of its decision. It is from this suspension without pay that McFarland sought review by an adjudicator.

The adjudicator, selected pursuant to section 279.17, concluded he did not have jurisdiction to hear the appeal and dismissed it. The trial court dismissed McFarland's petition for judicial review on the same grounds. Three issues are raised in his appeal from that ruling: (1) whether an appeal from the board's decision could properly be taken to an adjudicator and then to district court on judicial review under sec-

---

1. Section 279.24 of the 1975 Code, referred to in the notice of proposed termination, contained no provision for suspension. Such a provision was included, however, in section 279.27 which replaced it and which was in effect at the time of notice to McFarland. We assume for this appeal that the superintendent proceeded under the provision of the latter statute despite the erroneous reference to the 1975 code section.

tions 279.17 and 279.18; (2) whether the board had authority to suspend him without pay prior to a dismissal hearing; and (3) whether the trial court erred in assessing certain hearing costs to him.

I. Iowa has two statutory procedures for a school district to sever its employment relationships with its teachers. One is a termination (or non-renewal) under sections 279.13–279.18; the other is a discharge for "just cause" under section 279.27 (previously 279.24). *Hartman v. Merged Area VI Community College*, 270 N.W.2d 822, 828 (Iowa 1978). The "termination" procedure is effective as of the end of the current school term, section 279.13; the "discharge" procedure is "effective immediately following a decision of the board." Section 279.27. Because of the manner of disposition of this case by the adjudicator and the district court, we do not decide whether the record supports the finding by the board of "just cause" for discharge under section 279.27.

The non-renewal provisions, sections 279.13 to 279.18, provide that when it is proposed to terminate a teacher's contract, certain procedures must be followed within specified time limits or the contract will be automatically renewed for an identical term. If the superintendent determines that a contract shall not be renewed, he must notify the teacher no later than March 15 that this recommendation is to be made at a board meeting to be held no later than March 31. Section 279.15(1). This notice is required to be in writing and shall contain "a short and plain statement of the reasons" for the recommendation. Section 279.15(2).

Within five days of receipt of this notice the teacher may request a "private hearing" with the board. This hearing shall be held no sooner than ten nor later than twenty days after the request.

Section 279.17 provides for an appeal by the teacher in these terms:

> If the teacher is no longer a probationary teacher, the teacher may, within ten days, appeal the determination of the board to an adjudicator by filing a notice of appeal with the secretary of the board. The notice of appeal shall contain a concise statement of the action which is the subject of the appeal, the particular board action appealed from, the grounds on which relief is sought and the relief sought.

That section also provides for the method of selecting an adjudicator and for procedures to be followed in reviewing the action. It provides further that:

> The adjudicator may affirm board action or remand to the board for further proceedings. The adjudicator shall reverse, modify, or grant any appropriate relief from the board action if substantial rights of the teacher have been prejudiced because the board action is:
>
> 1. In violation of a board rule or policy or contract; or
>
> 2. Unsupported by a preponderance of the competent evidence in the record made before the board when that record is viewed as a whole; or
>
> 3. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

Both parties have the right under section 279.18 to seek judicial review of the adjudicator's decision.

These procedures are initially provided for a "non-renewal" or termination proceeding—not for a summary discharge for "just cause" under section 279.27, such as is involved in this case. However, the discharge statute incorporates the procedures of the termination statute, and also provides for suspension during the pendency of the hearing in the following language:

> A teacher may be discharged at any time during the contract year for just cause. The superintendent or the superintendent's designee, shall notify the teacher immediately that the superintendent will recommend in writing to the board at a regular or special meeting of the board held not more than fifteen days after notification has been given to the teacher that the teacher's continuing contract be terminated effective immediately following a decision of the board. *The*

*procedure for dismissal shall be as provided in sections 279.15(2) to 279.19.* The superintendent may suspend a teacher under this section pending hearing and determination by the board. (Emphasis added.)

The ruling by the adjudicator that he had no jurisdiction was premised on the fact that sections 279.13 to 279.18 apply only to a disposition by the board in favor of a superintendent's recommendation to terminate a teacher's contract. If the board did not follow the recommendation to terminate, he concluded, the teacher had no right to appeal to an adjudicator. The district court concluded it had no jurisdiction to review the adjudicator's decision, because the teacher sought review of a matter "which was not properly, in the first instance, appealable to an adjudicator pursuant to section 279.17." By its disposition of the case, the district court, in effect, affirmed the *finding of the adjudicator that he had no* jurisdiction of the subject matter.

It is true, as the adjudicator points out, that parts of the termination statute seem to limit the board's options to either accepting or rejecting the superintendent's recommendation of termination. For example, section 279.16 provides that "[t]he evidence at the private hearing shall be limited to the specific reasons stated in the superintendent's notice of recommendation of termination;" and that "it shall convene in open meeting and by roll call vote *determine the continuance or discontinuance* of the teacher's contract." (Emphasis added.)

■ To conclude as the adjudicator did, however, that no appeal could be taken from the board's action to an adjudicator, because the board did not act to terminate the contract, is an unduly restrictive view of the applicability of the termination provisions to discharge proceedings under section 279.27. Faced with a potential disciplinary situation, the school administrator chose to send the matter to the school board via a recommendation to discharge. The administrator, having proceeded on this course of action, invoked statutory procedures which explicitly include the right of

appeal to an adjudicator from the board's "determination." There is no question that the board's decision to only suspend McFarland rather than discharge him was a "determination," within the common understanding of that term. *See* § 4.1(2), The Code. There is no explicit limitation of the right to such an appeal to those situations where termination or discharge, rather than some lesser sanction, *e. g.*, suspension, is imposed. Nor do we believe that a fair reading of the statute implies such a limitation.

We agree that a teacher in McFarland's situation could avail himself of the provisions of appeal to the state board of public instruction under section 290.1, The Code. However, we do not believe that under these circumstances those appeal provisions are exclusive. Limiting the right of appeal in this manner would result in the loss of a substantial procedural right without clear direction or authority to do so.

The adjudicator had jurisdiction to consider McFarland's appeal and the district court had jurisdiction to grant further review because his claim that the adjudicator erroneously dismissed his appeal falls within the statutory basis for review, *i. e.*, that he had been prejudiced by action which is "[i]n violation of constitutional or statutory provisions." Section 279.18(1).

■ II. Because we have concluded that the adjudicator had jurisdiction of the appeal, we reach the merits of McFarland's claim that the board lacked authority to suspend him without pay prior to a hearing.

In the discharge provision, section 279.27, the superintendent is given authority to "suspend a teacher under this section pending hearing and determination by the board." It does not state whether suspension shall be with or without pay.

A similar question was raised in a New York case, *Jerry v. Board of Education*, 35 N.Y.2d 534, 364 N.Y.S.2d 440, 324 N.E.2d 106 (1974). That case involved a statutory discharge procedure which provided that "The employee may be suspended pending a hearing on the charges and the final deter-

mination thereof." The board of education suspended the plaintiff without pay pending the outcome of a hearing on the charge that he had used "unreasonable and excessive force" toward students and used "inappropriate and profane language" in their presence.

The teacher brought suit seeking to have the disciplinary statute declared unconstitutional, to rescind his suspension without pay and to be reinstated with back pay. The New York Court of Appeals was unanimous in concluding that there was no infringement of the teacher's constitutional rights, but divided on the issue of whether a teacher could be suspended without pay under such circumstances without express statutory authority. The majority held he could not.

The court stated, as to a school board's summary suspension authority, similar to our section 279.27, that:

> The power of suspension is essential to the sound administration of the public school system—for the protection of the pupils in certain circumstances, for the protection of the teacher in other circumstances, and in many situations for the promotion of the best interests of the public. This authority is expressly granted to the Board of Education under subdivision 2 of sections 3020–a—" 'The employee may be suspending pending a hearing on the charges and the final determination thereof.' "
>
> It does not follow, however, that to accomplish the legitimate objectives of suspension there must be an accompanying withholding of pay. Compensation is a matter of such substantive right on the part of the teacher that we conclude that it cannot be taken away from him except pursuant to explicit statutory authorization. We do not find such predetermination authorization in section 3020–a as now worded.

35 N.Y.2d at 541–42, 364 N.Y.S.2d at 444, 324 N.E.2d at 109.

The New York court decided the school board lacked statutory authority to withhold pay during a predetermination period, despite language in the statute providing that "[i]f the employee is acquitted he shall be restored to his position *with full pay for any period of suspension.*" (Emphasis added.) Iowa does not have even such an indirect reference to this power. The New York court, in finding this indirect reference insufficient to give power to suspend without pay, said:

> To the assertion that one should infer from this phrase an intention on the part of the Legislature to confer authority to withhold, we rejoin that had there been such an intention the easy and normal manner of its expression would have been to include an explicit, appropriate provision therefor in subdivision 2. We find the absence of an explicit provision more significant than the inclusion of the oblique reference, particularly in the face of the conceded fact that the existence of such authority is not necessary to the achievement of the primary objective for which we conceive the power of suspension was granted.

35 N.Y.2d at 542, 364 N.Y.S.2d at 444–45, 324 N.E.2d at 110.

We conclude that the purpose of suspension under the discharge section, 279.27, is to provide a safeguard for the students, or possibly the teacher, in those cases in which problems might occur in future associations. Withholding of pay would, in effect, constitute punishment in advance of hearing and would not further advance the purpose of suspension.

May the board ratify the suspension under the hearing procedures of sections 279.-15(2) to 279.19 and adopt it as its own disposition—a sort of "included offense" approach under the termination proceeding? We conclude it may not. The dispositions available to a board are clearly set out in our statutes. It may "terminate" the contract at the end of the school year, it may "discharge" a teacher at any time for "just cause" and it may suspend as an auxiliary procedure in a discharge case. There is no statutory authority for suspension as punishment, nor for any suspension, with or without pay, following the decision of the

board on the superintendent's recommendation for discharge. If the legislature had intended such use for suspension procedures, it could easily have said so.

We have stated that the only powers of a school district are those expressly granted or necessarily implied in governing statutes. *See Barnett v. Durant Community School District,* 249 N.W.2d 626, 627 (Iowa 1977); *Silver Lake Consolidated School District v. Parker,* 238 Iowa 984, 990, 29 N.W.2d 214, 217 (1947). There is no express statutory authority for the suspension without pay imposed here, nor is that authority "necessarily implied."

The board contends that it has been granted authority to suspend without pay by our Public Employment Relations Act. Section 20.7, The Code, provides that:

> Public employers shall have, in addition to all powers, duties, and rights established by constitutional provision, statute, ordinance, charter, or special act, the exclusive power, duty, and the right to:
>
> 1. . . .
>
> 2. . . .
>
> 3. Suspend or discharge public employees for proper cause.

To conclude that this section is a separate grant of power to suspend or discharge without any limitations or procedures accompanying it would conflict with the specific procedures set out in chapter 279. Section 4.7, The Code, provides that if such provisions do conflict that:

> [T]hey shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision.

We believe they may be read in harmony with each other; section 20.7(3) merely confirms or reserves to the board the powers of suspension, termination and discharge specifically given to it by chapter 279. If the conflict may not be so reconciled, the specific provisions of chapter 279 must prevail.

The board and the superintendent lacked authority to suspend McFarland without pay, and the adjudicator erred in not so ruling.

III. McFarland also complains that the trial court erred in ordering him to pay one-half of the costs of the transcript of the board proceedings. Section 279.16 provides in part that:

> The board shall employ a certified shorthand reporter to keep a record of the private hearing. The proceedings or any part thereof shall be transcribed at the request of either party with the expense of transcription charged to the requesting party.

However, in the case of an appeal to an adjudicator, the board must produce a transcript. Section 279.17 provides that:

> Within thirty days after filing the notice of appeal, or within further time allowed by the adjudicator, *the board shall transmit to the adjudicator the original or a certified copy of the entire record of the private hearing which may be the subject of the petition.* (Emphasis added.)

The board is given the duty to employ the shorthand reporter and to furnish the certified copy of the record for the adjudicator. Assuming, as the trial court apparently found, that both parties ordered a transcript, the responsibility for furnishing the record is still that of the board. The requirement that the "requesting" party pay for a transcript, as provided in section 279.-16, does not relieve the board of that duty if the matter is appealed. In the case of an appeal by the teacher, any costs incurred by him for such transcript should be treated as advanced costs and reimbursed by the board. We hold it was error to assess these costs to McFarland.

In summary, we conclude that the adjudicator had jurisdiction to hear the appeal from the board's determination, and that the district court erred in sustaining the motion to dismiss the petition for further review. We further conclude that the school board lacked authority to suspend McFarland without pay, and that the district court erred in assessing transcript costs to him. There are additional matters raised in McFarland's appeal to the adjudi-

cator which require findings of fact in order to resolve them. The case is therefore remanded to the adjudicator for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.