Lloyd J. GERE, Appellee,

v.

COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT, Appellant.

No. 157.

Supreme Court of Iowa.

May 18, 1983.

Rehearing Denied June 9, 1983.

308

Edgar H. Bittle of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, Richard A. Porter of Porter, Lash, Reilly & Tauke, Council Bluffs, and William R. Sullivan, Jr., Bettye S. Kitch, and Lynne F. Siegel of Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for appellant.

Philip J. Willson of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal requires us to construe an employment contract between a school district and an elementary school principal as well as a statute relating to school principals.

Lloyd J. Gere has been a teacher and principal in the Council Bluffs Community School District for more than twenty years. For the past several years he served as principal of two small elementary schools. Because of declining enrollment and budgetary cutbacks, the district decided to close some elementary schools beginning with the 1981–1982 school year. In the process, Gere's assignment for that year was changed to the duties of (1) elementary school principal of a small 65-student school, (2) coordinator of the district's outdoor education program, and (3) attendance officer for the district. Gere objected to the assignment as attendance officer but performed those duties under protest. He then filed a petition for declaratory judgment, asking the court to prohibit the district from requiring him to serve as attendance officer.

Gere willingly accepted the outdoor education coordinator position but asserts that his continuing contract as elementary principal does not permit the assignment as attendance officer. He argues that such an assignment violates his reasonable expectations, and is bizarre, oppressive, unreasonable, arbitrary, and unconscionable. On the other hand, the district maintains that it has a contractual and statutory right to make such an assignment, and that the assignment does not violate Gere's reasonable expectations and is not otherwise invalid. The trial court concluded Gere's contract did not permit the assignment as attendance officer because those duties would not be within the reasonable expectations of the parties and would also be unconscionable in view of the parties' unequal bargaining positions. The district appealed.

I. We initially address two preliminary issues. First, Gere contends the case is now moot because the 1981–1982 school year has passed. As the district points out, however, interpretation of the contract terms and statutory provisions involved is needed for other school districts which, as the evidence indicates, face similar choices in staff assignments. Where matters of public importance are presented and the issues are likely to recur, the claim should not be dismissed on mootness grounds. *Iowa Freedom of Information Council v. Wifvat,* 328 N.W.2d 920, 922 (Iowa 1983). Such is the situation here.

As to the allegations that the assignment of attendance officer duties was the result of unconscionability and unequal bargaining power, Gere argues the district unfairly made his assignment for the 1981–1982 school year at an unreasonably late date in July of 1981. Because the 1981–1982 school year has passed, these specific issues are truly moot. We thus confine ourselves to the basic issue of whether the assignment by the school district was permissible. Underlying that issue is the broader question of the scope of the assignment authority of school districts in light of today's declining enrollments and budgets.

Second, findings of fact by the trial court in this law case are the equivalent of a jury verdict. If supported by substantial evidence and justified as a matter of law, they are binding on us. *Keith v. Community School District of Wilton,* 262 N.W.2d 249, 255 (Iowa 1978). Construction of a contract or a statute, however, is a matter of law for the court. *Thomas v. Thomas Truck & Caster Co.,* 228 N.W.2d 52, 54 (Iowa 1975); *Cassady v. Wheeler,* 224 N.W.2d 649 (Iowa 1974). We are not precluded from inquiring into errors of law. *Keith* at 255. Neither are we bound by findings of fact resulting from application of an erroneous rule of law. *Estate of Voelker,* 252 N.W.2d 400, 402 (Iowa 1977); *Steinbach v. Continental Western Insurance Co.,* 237 N.W.2d 780, 782 (Iowa 1976).

II. Gere's continuing contract with the school district, pursuant to section 279.24 of the Iowa Code, was for the position of "elementary principal." The job description for that position lists twenty-four items of performance responsibilities. The last of these is, "perform other duties as assigned by the assistant superintendent for instruction and/or the superintendent of schools." A statute regarding principals provides in section 279.21 of the Iowa Code (1981):

The board of directors of a school district may employ principals, under the provisions of section 279.23. A principal shall hold a current valid principal's certificate. Notwithstanding the provisions of section 279.23, after serving at least nine months, a principal may be employed for a term of not to exceed two years.

The principal, under the supervision of the superintendent of the school district and pursuant to rules and policies of the board of directors of the school district, shall be responsible for administration and operation of the attendance center to which he is assigned.

The principal shall, pursuant to the policies adopted by the board of directors of the school district, be responsible for the planning, management, operation, and evaluation of the educational program offered at the attendance center to which the principal is assigned and shall submit recommendations to the superintendent regarding the appointment, assignment, promotion, transfer and dismissal of all personnel assigned to the attendance center. *The principal shall perform such other duties as may be assigned by the superintendent.*

(Emphasis added.)

In Iowa, teachers' contracts of employment are governed by statute. *McGuffin v. Willow Community School,* 182 N.W.2d 165, 168 (Iowa 1970). This appears to be the law generally. *See Robinson v. Joint School District,* 100 Idaho 263, 265, 596 P.2d 436, 438 (1979) (collating decisions); 68 Am.Jur.2d *Schools* § 143 (1973); 78 C.J.S. *Schools and School Districts* § 192

(1952). Section 279.21 which we have quoted constituted a term of Gere's contract.

The statutory mandate that principals perform "such other duties as may be assigned" is not restricted to instructional-type duties performed by principals as Gere urges. The position of principal is one of administrator. School districts, in providing effective educational systems, may reasonably be expected to use their administrators in various functions. We note also section 20.7 of the Iowa Code:

Public employers shall have, in addition to all powers, duties, and rights established by constitutional provision, statute, ordinance, charter, or special act, the exclusive power, duty, and the right to:

1. Direct the work of its public employees.

2. Hire, promote, demote, transfer, assign, and retain public employees in positions within the public agency.

3. Suspend or discharge public employees for proper cause.

4. Maintain the efficiency of governmental operations.

5. Relieve public employees from duties because of lack of work or for other legitimate reasons.

6. Determine and implement methods, means, assignments and personnel by which the public employer's operations are to be conducted.

7. Take such actions as may be necessary to carry out the mission of the public employer.

8. Initiate, prepare, certify and administer its budget.

9. Exercise all powers and duties granted to the public employer by law.

School districts, as public employers, are thus given broad powers in dealing with their staffs in order to achieve efficient governmental operations.

III. We think, however, that the power to assign "other duties" is not unlimited. A principal could hardly be required to act as building custodian or bus driver. But short of such extreme examples, who is to draw the line between "other

duties" which may be assigned and which may not be assigned? We hold that the decision should be in the discretion of the school authorities, with intervention by the courts only in instances which transcend the bounds of discretion. Determination of whether the school authorities abused their discretion is an issue which this court may decide. "Abuse of discretion" is a legal question. *See Alford v. Alford,* 190 Ga. 562, 9 S.E.2d 895 (1940); *Whitney v. Madden,* 400 Ill. 185, 79 N.E.2d 593, *cert. denied,* 335 U.S. 828, 69 S.Ct. 55, 93 L.Ed. 382 (1948); *Black Hawk Motor Transit Co. v. Illinois Commerce Comm'n,* 383 Ill. 57, 48 N.E.2d 341 (1943); *Marburg v. Cole,* 261 App.Div. 324, 26 N.Y.S.2d 77 (1941), *rev'd on other grounds,* 286 N.Y. 202, 36 N.E.2d 113 (1941); *Atwood v. Willacy County Navigation Dist.,* 271 S.W.2d 137 (Tex.Civ.App.1954), *appeal dismissed,* 350 U.S. 804, 76 S.Ct. 66, 100 L.Ed. 723 (1955); *Meaney v. Nueces County Navigation Dist.,* 222 S.W.2d 402 (Tex.Civ. App.1949); *Salt Lake City v. Anderson,* 106 Utah 350, 148 P.2d 346 (1944). *See also Interstate Commerce Comm'n v. Inland Waterways Corp.,* 319 U.S. 671, 691–92, 63 S.Ct. 1296, 1307, 87 L.Ed. 1655, 1668 (1943) ("We decide only whether the Commission has acted within the power delegated to it by law."). To hold otherwise would mean that a principal could be assigned to attendance duties in one Iowa school district but not in another, depending on variant district court decisions.

IV. Gere advances several arguments.

A. Gere maintains that even if the district had contractual and statutory authority to assign attendance officer duties, such an assignment was an abuse of discretion here.

 Where matters such as the employment of personnel are by law left to the discretion of school boards, a good faith exercise of that discretion will not ordinarily be disturbed. *Board of Directors of Independent School District of Waterloo v. Green,* 259 Iowa 1260, 1266, 147 N.W.2d 854, 857 (1967); *Goodwin v. Bennett County High School Independent School District,* 88 S.D. 639, 226 N.W.2d 166, 168 (S.D.1975); 68

Am.Jur.2d *Schools* § 52 (1973). As stated regarding an analogous situation in *Board of Education v. The Great Neck Teachers Ass'n,* 92 LRRM 3486, 3487 (BNA) (N.Y. Sup.Ct.1976):

> The responsibility of furnishing an efficient system of public education has been imposed upon boards of education ... and they must have sufficient latitude to manage the district's educational affairs and particularly in these times of fiscal concern, broad discretion to determine the nature and form of the district's instructional programs.

Gere did not dispute at trial that the 65-student school to which he was assigned did not require a full-time principal. By assigning other duties to him, the district was able to continue providing him full-time employment and simultaneously to fill a needed staff position. The previous full-time attendance officer had resigned, and the district used the opportunity to restructure the job into a part-time position. School districts are required to have attendance officers by section 299.10 of the Iowa Code; the position could not be left vacant on the basis of attrition.

B. Gere asserts that the positions of outdoor education coordinator and principal are educationally related and fit within the concept of elementary principal. He asserts that attendance officer duties, on the other hand, are wholly unrelated to a principal's functions—although he does not claim unreasonableness based on the number or timing of hours of work. Several educational experts testified the job of attendance officer would not be within the parameters of the position of elementary school principal. Further along this line, Gere claims the position of attendance officer has negative, law-enforcement connotations in contrast to the positive, educational image of a principal. He admits, however, that as principal he has both attendance and discipline responsibilities. In addition, the district points out that principals, albeit they are educational leaders, are authority figures. Certainly recollections of the long walk to the principal's office do not conjure up im-

ages that are positive. Moreover, in this case Gere has no law enforcement duties as attendance officer; he does not scour Council Bluffs streets for unwary truants. His main duties consist instead of compiling statistics, preparing written reports, visiting truants and their parents, and communicating attendance records to building principals.

C. Gere also argues he is not qualified for the attendance officer position. The record shows, however, that as principal he is responsible for attendance record-keeping at his assigned school. The record contains no indication Gere found the duties beyond his capabilities, or that the district was dissatisfied with his work as attendance officer. A public employer, such as a school district, has discretion regarding the job qualifications of its employees, based on its duty and right to hire, promote, demote, transfer, assign, and retain employees. *Charles City Education Ass'n v. Public Employment Relations Board,* 291 N.W.2d 663, 667 (Iowa 1980). While Gere's assignment as attendance officer would be of the whole district, he already functioned as outdoor education officer for four grades in the whole district, and he does not claim he would not have sufficient time to perform the duties of attendance officer or object to being district coordinator of the outdoor education programs. The district did not abuse its discretion in viewing the problem from the standpoint of the district as a whole, in endeavoring to achieve economy and efficiency.

A similar case is *McGrath v. Burkhard,* 131 Cal.App.2d 367, 280 P.2d 864 (1955). Teachers challenged their assignments to supervisory duties at. extracurricular events. They alleged the duties were unreasonable because "in the nature of police work, unprofessional, and foreign to the field of instruction." They argued they had no training for the duties and the assignment was "degrading, humiliating and unprofessional." *Id.* at 374–75, 280 P.2d at 869–70. The court found, however, the assignment of the duties within the discretion of the district. Much the same complaint was involved in *District 300 Education Ass'n v. Board of Education,* 31 Ill.App.3d 550, 334 N.E.2d 165 (1975). The court found the assignment to be within the school board's discretion. "The assignments objected to do not appear to have been onerous in nature or unreasonably time consuming [and] are not demeaning to the professional stature of the teacher." *Id.* at 554, 334 N.E.2d at 168.

School personnel from similarly-sized school districts in Iowa testified to forced dual assignments as a result of declining enrollments, budget cutbacks, and building closings. Personnel from school districts in Iowa City, Waterloo, Clinton, Ottumwa, Sioux City, and Burlington noted that their building principals perform discipline and attendance functions, and also serve as instructional leaders. Testimony was given that attendance officer duties similar to Gere's are currently performed by principals with dual assignments in Sioux City, Burlington, and Clinton.

Construing "other duties" in the contract and statute, we hold that the district did not exceed its discretion in assigning attendance officer duties to Gere. We do not deal with the question of what duties may be combined in an initial contract, or in a new contract after a continuing contract has been lawfully terminated.

REVERSED.