**NORTHEAST COMMUNITY EDU-CATION ASSOCIATION, Appellee,**

v.

**NORTHEAST COMMUNITY SCHOOL DISTRICT and Marvin Boyer, Appellants.**

No. 85–1856.

Supreme Court of Iowa.

March 18, 1987.

Rehearing Denied April 9, 1987.

Brian L. Gruhn and Steven E. Howes, Cedar Rapids, for appellants.

James L. Sayre of Sayre & Gribble, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

The issue, as presented by the parties, is whether a school district and its superintendent of schools have the authority to impose a disciplinary suspension, without pay, on a school teacher. The parties are Northeast Community School District, a school corporation and a public employer, *see* Iowa Code §§ 274.1 and 20.3(1) (1983); Superintendent Marvin Boyer, an employee of Northeast Community School District, *see* § 279.20 (1983); and Northeast Community Education Association, an employee organization, *see* § 20.3(4) (1983), representing James P. O'Rourke, a teacher and an employee of the school district.

This case arises from events which occurred on October 12, 1984, when O'Rourke hit a student on the shoulder. This was the third time O'Rourke had struck a student in thirteen months. Superintendent Boyer immediately discussed the incident with O'Rourke in Boyer's office. He decided to suspend O'Rourke for three days without pay. Later that day, O'Rourke received a letter from Boyer notifying him of this disciplinary action. At no time did Boyer seek to invoke the termination or discharge procedures of Iowa Code chapter 279.

On behalf of O'Rourke, the employee organization sought a declaratory judgment that the disciplinary suspension was beyond the powers of the superintendent and school district and was also in violation of procedural due process rights. The school district and Boyer argued that Iowa Code section 20.7(3) (1983) permits them to suspend an employee without pay. Filing opposing motions for summary judgment, the parties entered into a joint stipulation of material fact limiting the issue before

the district court to the question of the legality and constitutionality of the suspension. The merits of, and underlying reasons for, the suspension are not at issue.

The district court cited our decision in *McFarland v. Board of Education*, 277 N.W.2d 901, 905–06 (Iowa 1979), and held that the suspension "was illegal and beyond the powers of a public school corporation and the superintendent thereof, under Iowa law." The court found that the factual framework of the suspension was not sufficiently in the record for purposes of summary judgment on the due process issue.

Because we believe the district court reached the right result in granting the employee organization's motion for summary judgment, we affirm. We hold that while school districts have the general power to impose disciplinary suspensions without pay under section 20.7(3), superintendents do not. In this case, Superintendent Boyer's independent action suspending O'Rourke without pay was not authorized by any applicable statute or rule prescribed by the school board. As a result of our holding, we do not reach the procedural due process issue.

There is no dispute relating to our standard for reviewing a district court's summary judgment. *Fritz v. Parkison*, 397 N.W.2d 714, 715 (Iowa 1986). To prevail, the movant must show the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* In light of the joint stipulation, there is no dispute regarding relevant facts.

I. *The school district's power to suspend without pay under Iowa Code section 20.7(3).*

■ Iowa Code chapter 20 (1983) entitled Public Employment Relations (Collective Bargaining) is a comprehensive statute for the regulation of public employment labor relations in Iowa. Section 20.3(3) defines a public employee to include "any individual employed by a public employer, except individuals exempted under the provisions of section 20.4." The only school personnel excluded from the provisions of chapter 20

are superintendents, assistant superintendents, principals, and assistant principals. *See* Iowa Code § 20.4(2). School teachers such as O'Rourke are thus public employees and subject to the provisions of chapter 20.

The only powers of a school district are those expressly granted or necessarily implied in governing statutes. *Bishop v. Iowa State Board of Public Instruction*, 395 N.W.2d 888, 891 (Iowa 1986); *McFarland v. Board of Education*, 277 N.W.2d 901, 906 (Iowa 1979). The school district argues that section 20.7(3) gives it, as a public employer, the express power to suspend a public employee like O'Rourke. Section 20.7 provides in pertinent part that:

[p]ublic employers shall have, in addition to all powers, duties, and rights established by constitutional provision, statute, ordinance, charter, or special act, the exclusive power, duty, and the right to

. . . .

3. Suspend or discharge public employees for proper cause.

The employee organization responds to the school district's argument with our holding in *McFarland*: "There is no statutory authority for suspension as punishment, nor for any suspension, with or without pay, following the decision of the board on the superintendent's recommendation for discharge [under section 279.27]." 277 N.W.2d at 905–06. The district court interpreted *McFarland* to mean "that section 20.7(3) will not provide a school board with any more authority than it is granted by Chapter 279...." Chapter 279 makes no provision for disciplinary suspensions. Thus, the court reasoned the suspension was illegal.

We believe the district court read our holding in *McFarland* too broadly. In *McFarland*, the superintendent recommended to the school board that the teacher, McFarland, be fired. Pursuant to section 279.27, the superintendent suspended McFarland without pay pending the dis-

charge hearing.[1] After the hearing, the school board decided not to discharge McFarland; however, the board voted to approve McFarland's prehearing suspension without pay.

We held in *McFarland* that section 20.7(3), a general grant of power to suspend, does not give a school district authority to suspend a teacher as punishment in the context of a section 279.27 discharge proceeding. *McFarland*, 277 N.W.2d at 905–06. Section 279.27 specifically authorizes a superintendent to "suspend a teacher under this section pending hearing and determination by the board." The only purpose of suspension under the discharge section, 279.27, is to provide a safeguard for the students by removing the teacher from the classroom; the purpose is not to punish the teacher. *See McFarland*, 277 N.W.2d at 905.

We reasoned in *McFarland* that "[t]o conclude that [section 20.7] is a separate grant of power to suspend or discharge without any limitations or procedures accompanying it would conflict with the specific procedures set out in chapter 279." *McFarland*, 277 N.W.2d at 906. Therefore, where chapter 279 provides for "safeguard" suspensions, *see* § 279.27, section 20.7(3) "merely confirms or reserves" to school districts the power to proceed as specifically set out in section 279.27. *Id.* We view our holding in *McFarland* as limited to those cases where the school district initiates a section 279.27 discharge proceeding. We did not address the question whether a school district could suspend a teacher pursuant to section 20.7(3) for disciplinary reasons only. Therefore the ruling in *McFarland* does not aid our analysis because the present case involves a disciplinary suspension and not a section 279.27 discharge proceeding.

We find no specific statutory provision conflicting with or limiting the general suspension authority for disciplinary reasons granted by section 20.7(3). Absent such a statutory provision, we hold that section 20.7(3) expressly grants school districts the power to suspend teachers for proper cause for disciplinary reasons provided no section 279.27 discharge proceeding has been initiated. *See* Iowa Code § 4.7.

To say that section 279.27 precludes suspension for disciplinary reasons alone would eviscerate much of the effect of section 20.7(3). Simply put, under such reasoning, section 20.7(3) would not apply to a large segment of public employees: teachers. Had the legislature intended to treat teachers in a manner different than other public employees, it could easily have said so.

Moreover, we have previously acknowledged that section 20.7 gives "school districts, as public employers ... broad powers in dealing with their staffs in order to achieve efficient governmental operations." *Gere v. Council Bluffs Community School District*, 334 N.W.2d 307, 310 (Iowa 1983). *See also Clinton Police Department Bargaining Unit v. Iowa Public Employment Relations Board*, 397 N.W.2d 764, 766 (Iowa 1986) (section 20.7 reserves broad rights to public employers). By recognizing the school districts' authority to suspend teachers for disciplinary reasons, we give the school districts the necessary flexibility to maintain efficient governmental operations. Without that flexibility, a school district is faced with an unreasonable choice when a teacher violates its rules: either proceed with a termination procedure pursuant to chapter 279 or ignore the violation. The first choice could be time-consuming, costly, and against the best interest of the school district, the teacher and the public, especially where the violation is minor. Such a choice could also severely damage the relationship between the school district and its employees. The second choice would be counter-productive and would wreak havoc with the ability of the school administrator to maintain control of the school staff.

■ The teacher's employee organization argues further that section 20.7(3) does not

---

**1.** We pointed out in *McFarland* that Iowa has two statutory procedures that allow a school district to terminate a teacher's employment: sections 279.13–279.18 dealing with year-end termination and section 279.27 dealing with immediate discharge. 277 N.W.2d at 903.

specifically authorize suspension *without pay*. Section 20.7(3) grants public employers the power to "[s]uspend or discharge public employees for proper cause." The statute is silent as to whether the suspension may be with or without pay. If a statute is ambiguous, the court, in determining the intent of the legislature, may consider among other matters the object sought to be attained by the statute. *See* Iowa Code § 4.6(1).

Section 20.7 consists of a detailed list of employer rights similar to a typical, broad management rights section. *See* Pope, *Analysis of the Iowa Public Employment Relations Act*, 24 Drake L.Rev. 1, 9 (1974). One of those rights is "maintain[ing] the efficiency of governmental operations," *see* § 20.7(4), and another is "tak[ing] such actions as may be necessary to carry out the mission of the public employer," *see* § 20.-7(7). In light of these rights, we conclude the legislature intended to give public employers broad authority to discipline public employees. The power to impose suspensions without pay is in harmony with the statutory purpose of effective administrative management and control of schools by school districts.

Moreover, in considering legislative enactments, courts should avoid impractical or absurd results. *See Metier v. Cooper Transport Co.*, 378 N.W.2d 907, 913 (Iowa 1985). We would reach an absurd result if we interpreted section 20.7(3) to authorize only suspensions with pay. In effect, a school teacher suspended for disciplinary reasons would be rewarded for misbehavior. Such an interpretation would contravene the legislature's intent to give public employers broad authority to discipline public employees.

Finally, we believe implicit in the express authority to suspend for disciplinary reasons is the authority to suspend without pay. *Cf. Iowa City Community School District v. Iowa City Education Association*, 343 N.W.2d 139, 147 (Iowa 1983) (Reynoldson, C.J., dissenting) ("The public employer's exclusive duty to discipline by suspension or discharge [§ 20.7(3)] clearly would encompass lesser discipline such as withholding a pay increase.") (teacher denied pay increase as punishment; issue whether dispute was subject to arbitration, no question school district had power to discipline employee). In *McFarland* we reasoned that a section 279.27 suspension should never be imposed without pay because it is not for the purpose of punishment. 277 N.W.2d at 905. It follows that a disciplinary suspension authorized by section 20.7(3) may be imposed without pay for punishment.

II. *The superintendent's power to suspend.*

■ Having concluded that the school district has the power under Iowa Code section 20.7(3) to suspend a teacher without pay, we now address the more specific issue presented by the facts of this case: whether Superintendent Boyer was authorized to impose a disciplinary suspension.

A superintendent shall have only "such powers and duties as may be prescribed by rules adopted by the board or by law." Iowa Code § 279.20. The board of directors of each school district is charged with the duty to "make rules for its own government and that of the directors, officers, employees, teachers, and pupils...." Iowa Code § 279.8.

The only pertinent rule before the court is Northeast Community School District Board Policy No. 301.3, which states the Superintendent of Schools shall:

> Have the *power to recommend* the appointment, assignment, transfer, promotion, demotion, discharge, *suspension* and/or termination of all employees of the Board as provided by law and the policies of the Board, with such recommendations reported to the Board for final action.

(Emphasis added.) Thus, Superintendent Boyer had only the power to recommend suspension. His independent action suspending O'Rourke for three days without pay was not authorized by any applicable

law or rule prescribed by the school board as of October 12, 1984.

### III. *Disposition.*

Iowa Code section 20.7(3) expressly grants school districts the power to suspend teachers for proper cause for disciplinary reasons provided no section 279.27 discharge proceeding has been initiated. The district court's ruling on this issue was incorrect. However, the court reached the right result because of our conclusion that Superintendent Boyer's action suspending O'Rourke was illegal and beyond his powers. Accordingly, we affirm the district court's order sustaining the employee organization's motion for summary judgment.

AFFIRMED.

All Justices concur except WOLLE, J., who concurs specially.

WOLLE, Justice (concurring specially).

I concur in the result for the reasons expressed in Division II.