**PLEASANT VALLEY EDUCATION ASSOCIATION, Plaintiff–Appellant,**

v.

**PLEASANT VALLEY COMMUNITY SCHOOL DISTRICT, Defendant–Appellee.**

No. 88–1655.

Court of Appeals of Iowa.

Oct. 24, 1989.

James L. Sayre of Sayre & Gribble, P.C., Des Moines, for plaintiff-appellant.

William C. Davidson and Richard A. Davidson, Davenport, for defendant-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This action was brought by plaintiff-appellant, Pleasant Valley Education Association, seeking a declaratory judgment to the effect that defendant-appellee Pleasant Valley Community School District was legally and contractually prohibited from requiring physical education teachers to satisfactorily complete training in cardiac pulmonary resuscitation, the Red Cross series on water safety, specifically life-saving, and/or certification as a water safety instructor. The trial court did not grant the relief the teachers association requested and they have appealed. We affirm the trial court.

The problem arose when the Pleasant Valley Community School District added a swimming pool to its physical plant and began offering swimming classes to its students. Previously it did not have a swimming pool and did not offer swimming classes. The school notified its high school physical education teachers they would be assigned to attend in-service training in cardiac pulmonary resuscitation and lifesaving. This training was to be provided by the school during regular working hours at no cost to the teachers.

At the time the school employed four high school physical education teachers. Two teachers, Royce Duncan and Ed Merit, agreed to obtain the training. Teachers JoAnne Kettman and Nicolette Overstake refused. The Pleasant Valley Education Association filed this action seeking a declaratory judgment that Kettman and Overstake could not be assigned to the lifesaving training classes, as a matter of law. The matter was submitted to the district court.

The district court found the assignment of the high school physical education teachers to take cardiac pulmonary resuscitation and lifesaving training classes was not so extreme that it was beyond the scope of the school's powers, contractually or legally. The court held the school could assign its physical education teachers to cardiac pulmonary resuscitation and lifesaving training, but could not require the teacher to actually become certified by the Red Cross if it were demonstrated the certification was beyond the physical capabilities of the teacher. The court found that the best evidence of the physical incapability of any particular teacher would be a good faith attempt by the teacher to complete the training class. Neither Kettman nor Overstake made any attempt to complete the training.[1]

The association contends the trial court erred in holding physical education instructors employed by Pleasant Valley School have any contractual obligation to satisfac-

---

1. The court also determined if the teachers could not be certified, it would be an abuse of discretion for the school to terminate those

teachers since the assignment would place their new duties beyond their physical capabilities.

torily complete any training program in cardiac pulmonary resuscitation, the Red Cross series on water safety, specifically lifesaving, or to become or perform as a lifeguard. The association does not challenge the assignment of a physical education teacher to teach swimming classes.

The trial court held:

The assignment to teach swimming is not an abuse of discretion; becoming certified in CPR and Advanced Life Saving in order to become an effective and safe swimming teacher may be required as a necessary consequence of that assignment. The in-service training ordered does not require duties and responsibilities which go far beyond that which is contemplated in the contract.

The physical education instructors have employment contracts as "teachers," which are defined and governed by Iowa Code sections 279.13–.19B (1987). The statute, in relevant part, provides:

Contracts with teachers, which for the purpose of this section means all certificated employees of a school district and nurses employed by the board, excluding superintendents, assistant superintendents, principals, and assistant principals, shall be in writing and shall state the number of contract days, the annual compensation to be paid, and any other matters as may be mutually agreed upon. The contract may include employment for a term not exceeding the ensuing school year, except as otherwise authorized.

Iowa Code § 279.13(1). The contracts of the individuals involved do not specifically provide the teachers agree to take training in cardiac pulmonary resuscitation or the Red Cross series on water safety.

We agree with the trial court's conclusion that attainment of certification for cardiac pulmonary resuscitation and life-saving as a condition of continued employment was not a reasonable expectation of the teachers and the school district when they entered into the employment contracts. The association argues the trial court should have found the assignment was beyond the scope of the school district's contractual powers. The association argues the training is not consistent with being a teacher or physical education instructor. The association contends the nature of the skills, and the lack of history of teachers involved agreeing to acquire such skills, along with the lack of evidence the teachers ever acquired such skills or performed such duties, show the training was never a part of any contract between the parties.

The school contends the issue is not one of contractual interpretation or state certification requirements, but of the authority of the school to assign work to its teacher employees and the limitations on that authority. The school points to language contained in the teachers' contracts which provides:

*Obligations to employee and employer*: By the acceptance of this contract employee agrees to perform assignments as designated by the Board of Education or its designated agents.

The school contends with this language, it has reserved the right to assign work of its choosing to its teachers. We determine the school district has properly characterized the issue.

In Iowa, teachers' contracts of employment are governed by statute. *Gere v. Council Bluffs Community School Dist.*, 334 N.W.2d 307, 310 (Iowa 1983); *McGuffin v. Willow Community School Dist.*, 182 N.W.2d 165, 168 (Iowa 1970). School districts, as public employers, are given broad powers in dealing with their staffs in order to achieve efficient governmental operations. *Gere*, 334 N.W.2d at 310. But the power to assign other duties is not unlimited. *Id.* The decision as to the assignment of teachers to other duties is in the discretion of the school authorities. *Gere*, 334 N.W.2d at 311.

As a court, we should intervene only where the school district transcends its bounds of discretion. *Id.* A good faith exercise of discretion will ordinarily not be disturbed. *Id.; see also Board of Directors v. Green*, 259 Iowa 1260, 1266, 147 N.W.2d 854, 857 (1967). We must give school districts sufficient latitude to

manage the district's affairs. *See Board of Educ. v. Great Neck Teachers Ass'n,* 92 L.R.R.M. (BNA) 3486, 3487 (N.Y.Sup.Ct. 1976).

■ The association contends cardiac pulmonary resuscitation is not consistent with, or a part of, being a teacher. This is a course now generally recommended for adults in many settings. An adult having the course may be able to render aid in an emergency. We find no abuse of a school district's discretion when it requires teachers to take, during school hours and at school expense, such a short course that is designed to train teachers to better respond to emergencies that may occur in the school building. We do not find an abuse of the school's discretion in its decision to order the physical education teachers who teach swimming to take a course at the school's expense during school hours to improve their efficiency in these areas. Reasonable requirements for training in safety-related courses are well within the discretionary function of an Iowa school district. We affirm on this ground.

The association next argues the trial court erred in not holding a school district in Iowa does not have the legal ability to require training and duties of a teacher outside the certification provided by the Department of Education.

■ The powers of a school district are those expressly granted to it or necessarily implied in governing statutes. *See McFarland v. Board of Educ.,* 277 N.W.2d 901, 906 (Iowa 1979); *Barnett v. Durant Community School Dist.,* 249 N.W.2d 626, 627 (Iowa 1977); *Silver Lake Consol. School Dist. v. Parker,* 238 Iowa 984, 990, 29 N.W.2d 214, 217–18 (1947).

The association agrees the school district has the power to build and operate a swimming pool and require its physical education instructors to teach swimming. But the association contends the school district cannot compel certificated teachers to acquire certification not required by the Department of Education and perform duties not a part of normal teachers' duties or skills.

The power to certify teachers in Iowa is granted to the Board of Educational Examiners. *See* Iowa Code ch. 260 (1987). The State Board of Education acts as the State Board of Educational Examiners. *See* Iowa Code § 260.1 (1987). It is the responsibility of the State Board of Education, which adopts the rules and governs the issuance of the different types and classes of certificates for educators in the State of Iowa. *See* Iowa Code §§ 256.7, 260.2 (1987). Iowa Code sections 260.2 and 260.6 (1987) specifically provide:

260.2 Powers of board.

The board of educational examiners shall have authority to issue certificates to applicants who are eighteen years of age or over, physically competent and morally fit to teach, and who have the qualifications and training prescribed in this section and are recommended for certification by the director.

260.6 Certificates required.

The board of educational examiners shall issue certificates pursuant to sections 256.7, subsection 3, and 260.2. A person employed as an administrator, supervisor, school service person, or teacher in the public schools shall hold a certificate valid for the type of position in which the person is employed.

In addition, Iowa Code section 294.1 (1987) sets forth the qualifications of a teacher:

294.1 Qualifications—compensation prohibited. No person shall be employed as a teacher in a common school without having a certificate issued by some officer duly authorized by law.

No compensation shall be recovered by a teacher for services rendered while without such certificate.

The association argues, therefore, any authority to promulgate a rule which requires a physical education instructor to have training in cardiac pulmonary resuscitation, water-safety instruction, or life-saving is within the jurisdiction of the Department of Education. The association's argument appears to be the teachers cannot be required to attend any training classes.

We reject the association's argument. The issue is not certification of teachers.

The issue is Pleasant Valley School's discretion to run an efficient and safe school. Additionally and most importantly, we find the challenged courses are reasonable requirements even though the association argues otherwise. The main principle involved in considering the validity of a school rule is reasonableness. *Bunger v. Iowa High School Athletic Ass'n,* 197 N.W.2d 555, 564 (Iowa 1972); *Board of Directors v. Green,* 259 Iowa 1260, 1267, 147 N.W.2d 854, 858 (1967).

The school district has been reasonable in the exercise of its discretion with regard to the establishment of its high school swimming program. Prior to the assignment of the teachers' training classes, the school district consulted the Quad City Chapter of the American Red Cross. The Red Cross advised the school district to require all of the physical education teachers to obtain water-safety instruction and cardiac pulmonary resuscitation certification. The teachers were assigned to attend in-service training provided by the school district in both areas. The training was to be provided during normal working hours at the school. The school required teachers to attend the training classes and to make an attempt to successfully complete the training.

The association does not contend physical education teachers cannot be assigned to teach swimming. The association acknowledges the State has no certification requirements for swimming teachers, other than the teacher must hold a teaching certificate with an endorsement for physical education.

 It is reasonable for the school district to require an employee to have minimal training to meet emergencies that may occur in the school setting. This requirement is nothing more. We affirm.

AFFIRMED.